**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANDY M. MOTT,
Plaintiff-Appellant,

v.                                                                                              No. 99-1381

DEBORAH S. MOTT,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-98-917-A)

Submitted: December 22, 1999

Decided: January 12, 2000

Before MURNAGHAN, TRAXLER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randy M. Mott, Appellant Pro Se. Deborah S. Mott, McLean, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy Mott appeals a jury verdict in favor of Defendant Deborah Mott and the district court's order denying his motion for a new trial in his civil action for slander.

On appeal, Randy Mott contends that (1) the court abused its discretion in excluding tape-recorded prior inconsistent statements and party admissions; (2) the court abused its discretion in refusing to allow him the opportunity to impeach his own witness; (3) the court erred in allowing Deborah Mott's witnesses to allegedly perjure themselves; (4) the court plainly erred in allowing prejudicial extraneous remarks during Deborah Mott's opening statement; (5) the court abused its discretion in sustaining objections to Randy Mott's closing argument; and (6) the court abused its discretion by improperly instructing the jury concerning slander and punitive damages. We have reviewed the record and affirm.

We find that Appellant Mott did not properly preserve the issue of whether the court erred in failing to admit taped prior inconsistent statements and party admissions because he failed to make an offer of proof at trial. See Fed. R. Evid. 103(a)(2). Accordingly, that issue is not properly before this court for review. Furthermore, we conclude that the district court did not abuse its discretion in refusing to allow Randy Mott to impeach Jessica Mott. It is clear that the district court foreclosed Randy's effort to impeach Jessica not because she was his witness, but because the line of questioning Randy sought to pursue was impermissible. In addition, we find Randy's claim that witnesses perjured themselves meritless.

Moreover, we conclude that the court did not plainly err in allowing certain allegedly prejudicial remarks by opposing counsel. See United States v. Olano, 507 U.S. 725, 731-32 (1993); see also In Re Celotex Corp., 124 F.3d 619, 630 (4th Cir. 1997) (applying plain error review to civil action). We also conclude that the court properly sustained objections to Randy Mott's closing argument referring to the tape because the recording was not admitted into evidence. See United States v. Henry, 2 F.3d 792, 794 (7th Cir. 1993). Finally, we

2

find that Mott did not preserve the issue of whether the court properly instructed the jury concerning slander because he did not object to the instruction at trial. Nor does the record reflect that the objection was previously clearly made to the court. See City of Richmond v. Madison Management Group, 918 F.2d 438, 453 (4th Cir. 1990). Furthermore, any error in the court's instruction concerning punitive damages was harmless because the jury did not reach the issue of damages. See Taylor v. Virginia Union Univ., 193 F.3d 219, 235 (4th Cir. 1999) (applying harmless error analysis to civil case).

Accordingly, we affirm the jury verdict and the court's order denying Appellant Mott's motion for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3